Filed 9/16/24  P. v. Varelas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>DANNY RODRIGUEZ VARELAS,<br><br>    Defendant and Appellant. | G063291<br><br>(Super. Ct. Nos. RIF1300400 & RIF1301139)<br><br>O P I N I O N |

Appeal from postjudgment orders of the Superior Court of Riverside County, John D. Molloy, Judge. Reversed and remanded.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

Danny Rodriguez Varelas appeals after two separate hearings. At the first hearing, the trial court rejected the recommendation of the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) to recall Varelas's sentence and resentence him pursuant to Penal Code section 1172.1.[1] At the second hearing, the trial court struck, pursuant to sections 1172.7 and 1172.75, enhancements previously imposed under Health and Safety Code section 11370.2 for prior drug convictions and under Penal Code section 667.5, subdivision (b) for serving prior felony prison terms, but the court did not conduct a full resentencing hearing.[2]

On appeal, Varelas contends the court erred at the first hearing by rejecting the Secretary's recommendation to recall his sentence and resentence him pursuant to section 1172.1. Regarding the second hearing, he argues the court erred by not conducting a full resentencing hearing under sections 1172.7 and 1172.75 after striking the now invalid prior drug conviction and prison term enhancements. The Attorney General asserts the court was not required to conduct a resentencing hearing under sections

[1] All undesignated statutory references are to the Penal Code.

The Secretary's recommendation was made in 2020 under section 1170, subdivision (d)(1). Effective January 1, 2022, the Legislature amended the recall provisions in section 1170, subdivision (d)(1) and moved them to newly enacted section 1170.03. (Stats. 2021, ch. 719, §§ 1–2, 3.1.) Section 1170.03 was renumbered section 1172.1 with no change in text effective June 30, 2022. (Stats. 2022, ch. 58, § 9.) The current code section will be used herein.

[2] The hearing was held in April 2022, pursuant to sections 1171 and 1171.1. Effective June 30, 2022, sections 1171 and 1171.1 were renumbered sections 1172.7 and 1172.75, respectively, without substantive change. (Stats. 2022, ch. 58, §§ 11, 12.) The current code sections will be used herein.

1172.7 and 1172.75 after striking the now invalid enhancements because the enhancements were originally imposed and stayed, meaning they did not increase Varelas's term of punishment. However, the Attorney General agrees the matter should be remanded for the court to reconsider the Secretary's recommendation to recall and resentence Varelas under section 1172.1, based on recent amendments to the statute.

Several published decisions have addressed whether a defendant is entitled to a full resentencing hearing under section 1172.75 when a court strikes a now invalid prior prison term enhancement that was originally imposed and stayed, and the issue is currently pending before the California Supreme Court in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169. In line with the majority of the cases to have considered the issue, we conclude the court should have conducted a resentencing hearing consistent with sections 1172.7 and 1172.75 after striking Varelas's invalid enhancements. Accordingly, we reverse the court's orders in both of Varelas's cases and remand for resentencing. Because Varelas is entitled to resentencing under these statutes, we need not and do not address whether he is also entitled to reconsideration of the Secretary's recommendation for recall of his sentence and resentencing under section 1172.1.

PROCEDURAL HISTORY[3]

In 2013, Varelas pled guilty in open pleas to the court in two cases—RIF1301139 and RIF1300400. In RIF1301139, he pled guilty to robbery (§ 211) and assault with a firearm (§ 245, subd. (a)(2)). Varelas

---

[3] We omit a summary of the facts underlying Varelas's convictions as they are irrelevant to the issues on appeal.

admitted using a firearm in the commission of the robbery. (§ 12022.53, subd. (b).) He also admitted having suffered a prior serious felony conviction (§ 667, subd. (a)) and serving three prior prison terms (§ 667.5, subd. (b)). The court imposed a total prison sentence of 17 years, comprised of 2 years (low term) on the robbery conviction, 10 years for the firearm enhancement, and 5 years for the prior serious felony enhancement. Varelas also received a concurrent two-year term for the assault with a firearm conviction. The court imposed one year for each of the three prior prison term enhancements but stayed their punishment.

In RIF1300400, Varelas pled guilty to transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)), evading a peace officer (Veh. Code, § 2800.2), and two counts of buying or receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)). Varelas admitted serving three prior prison terms (§ 667.5, subd. (b)) and having three prior drug convictions (Health & Saf. Code, § 11370.2, subd. (c)). Varelas was sentenced to the upper term of four years for transporting methamphetamine and concurrent two-year midterms for evading a peace officer and buying or receiving a stolen vehicle. The court imposed and stayed the sentences for the three prior drug convictions and the three prior prison term enhancements. The court ordered the 4-year sentence to run concurrent to the 17-year sentence in case RIF1301139.

In 2020, the Secretary recommended Varelas's sentence be recalled in case RIF1301139, and he be resentenced pursuant to section 1172.1.[4] Varelas's counsel filed a brief in support of the recommendation,

_____

[4] The Secretary's letter is dated August 28, 2020, but it was not filed in the superior court until October 29, 2020.

4

requesting the court consider his postconviction conduct and rehabilitative efforts. The prosecution opposed resentencing. In its brief, the prosecution noted Varelas's criminal history, the "violent nature" of his conduct in the robbery and assault, and he had served less than half of his original sentence at the time.

The court held a hearing in 2021 and declined, after reviewing the briefs, to exercise its discretion to recall Varelas's sentence. The court indicated Varelas had made notable progress in prison, but it did not rise to the level of "extraordinary progress" the court required to exercise its discretion.

In 2022, the court held a hearing pursuant to sections 1172.7 and 1172.75, as Varelas's sentences in both cases included invalid prior prison term enhancements (§ 667.5, subd. (b)) and his sentence in case number RIF1300400 also included invalid prior drug conviction enhancements (Health & Saf. Code, § 11370.2). Varelas's counsel requested the court strike the previously stayed enhancements, and the prosecutor had no objection. Varelas's counsel asserted the court had the discretion to dismiss the prior serious felony enhancement (Pen. Code, § 667, subd. (a)) and the firearm enhancement (Pen. Code, § 12022.53, subd. (b)) or reduce the firearm enhancement to a lesser enhancement. The court declined to exercise its discretion as to the prior serious felony or firearm enhancements because it was "provided with no additional information upon which to exercise its discretion." The court struck the prior prison and drug conviction enhancements but did not otherwise alter Varelas's sentence.

Varelas appealed from both the 2021 and 2022 hearings.

DISCUSSION

I.

SECTIONS 1172.7 AND 1172.75

Varelas contends the court was required at the 2022 hearing to conduct a full resentencing consistent with sections 1172.7 and 1172.75, even though the punishments for the prior drug conviction and prison term enhancements were stayed in the original judgments. The Attorney General asserts the court acted properly by striking the now invalid enhancements and Varelas was ineligible for resentencing under sections 1172.7 and 1172.75 because his enhancements were originally stayed.

We conclude Varelas has the better argument but acknowledge the Attorney General's argument has some persuasive pull. Ultimately, the California Supreme Court will provide guidance. It has granted review after a split of authority developed in the appellate courts concerning whether a court must conduct a full resentencing hearing pursuant to section 1172.75 when an invalidated prior prison term enhancement was imposed and stayed. In *Rhodius, supra*, 97 Cal.App.5th 38, review granted, Division Two of the Fourth Appellate District concluded section 1172.75 does not apply if the defendant's prior prison term enhancements were previously imposed and stayed. (*Id.* at p. 42.) However, several other Courts of Appeal have concluded section 1172.75 applies when prior prison term enhancements were imposed in the original judgment, regardless of whether the punishment was stayed. (*People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*), review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024,

6

S283189; *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*).)[5] As we explain below, we conclude there is no ambiguity in the text of section 1172.75 and follow the weight of authority holding section 1172.75 provides for the resentencing of a defendant whose prior prison term enhancements were originally imposed and stayed. Similarly, we conclude a defendant currently serving a sentence that includes a now invalid prior drug conviction enhancement that was imposed and stayed at sentencing is entitled to resentencing under section 1172.7.

A. *Statutory Interpretation and Standard of Review*

To determine whether stayed prior drug conviction and prison term enhancements entitle Varelas to a full resentencing hearing under sections 1172.7 and 1172.75, we follow the well-established principles of statutory interpretation. "The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) The fundamental task here is to determine the Legislature's intent and effectuate the law's purpose. (*Ibid.*) "'"""We begin by examining the statute's words, giving them a plain and commonsense meaning."""'" (*Ibid.*) "'We examine that language, not in isolation, but in the context of the statutory framework as a whole to discern its scope and purpose and to harmonize the various parts of the enactment. [Citation.] "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language

---

[5] Our research has not revealed a published decision discussing whether a defendant with imposed and stayed prior drug conviction enhancements is entitled to a resentencing hearing consistent with section 1172.7. Much of our analysis focuses on section 1172.75 but applies equally to section 1172.7 as the text of the two statutes is nearly identical.

permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.] The wider historical circumstances of a law's enactment may assist in ascertaining legislative intent, supplying context for otherwise ambiguous language.' [Citation.] 'Generally, we consult extrinsic sources, like a statute's history, to interpret a statute only when its language is ambiguous.'" (*People v. Prudholme* (2023) 14 Cal.5th 961, 975–976.)

*B. Sections 1172.7 and 1172.75's Statutory Language*

Effective January 1, 2018, the Legislature amended Health and Safety Code section 11370.2 to limit the three-year sentence enhancement to only prior convictions for the crime of using a minor in the commission of an offense involving controlled substances or conspiring to do so. (Stats. 2017, ch. 677, §1; Sen. Bill No. 180 (2017–2018 Reg. Sess.) (Senate Bill 180).)[6] Two years later, effective January 1, 2020, the Legislature amended Penal Code section 667.5, subdivision (b), to limit the one-year prior prison term enhancement to only prior prison terms served for qualifying sexually violent offenses. (Stats. 2019, ch. 590; Sen. Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136).)[7] The following year, "the Legislature expanded the scope of

---

[6] Prior to January 1, 2018, Health and Safety Code section 11370.2 required a court impose upon a defendant convicted of certain crimes involving controlled substances a three-year sentence enhancement for each prior conviction of specified controlled substance offenses. (Stats. 1998, ch. 936, § 1 [former Health & Saf. Code, § 11370.2].)

[7] Prior to January 1, 2020, section 667.5, subdivision (b) required a court impose an additional one-year sentence enhancement for each separate prior prison or section 1170, subdivision (h) county jail term served for a nonviolent felony, unless the defendant remained free from custody for at least five years. (Stats. 2012, ch. 24, § 19 [§ 667.5, former subd. (b), effective June 2012].)

the retroactivity [of both statutes] with the passage of Senate Bill No. 483" (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728) (Senate Bill 483). (*Christianson, supra*, 97 Cal.App.5th at p. 309, rev. granted.) This legislation, effective January 1, 2022, retroactively invalidated prior drug conviction enhancements imposed under Health and Safety Code section 11370.2 prior to January 1, 2018, unless the prior conviction involved using a minor in the commission of a specified controlled substance offense or conspiring to do so. This legislation also retroactively invalidated prior prison term enhancements imposed under Penal Code section 667.5, subdivision (b) prior to January 1, 2020, unless the term was served for certain sexually violent offenses. Senate Bill 483 also created procedures, in what are now sections 1172.7 and 1172.75, for sentencing courts to recall and resentence defendants who were serving prison terms on judgments that included the now invalid enhancements. (Stats. 2021, ch. 728, §§ 2, 3.) The Legislature declared its intent "to retroactively apply Senate Bill 180 . . . and Senate Bill 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements" "to ensure equal justice and address systemic racial bias in sentencing." (Stats. 2021, ch. 728, § 1.)

We begin our discussion by examining the language in section 1172.75 as it has been the focus of several opinions by our sister courts. (*Mayberry, supra*, 102 Cal.App.5th 665, rev. granted; *Saldana, supra*, 97 Cal.App.5th 1270, rev. granted; *Christianson, supra*, 97 Cal.App.5th 300, rev. granted; *Rhodius, supra*, 97 Cal.App.5th 38, rev. granted; *Renteria, supra*, 96 Cal.App.5th 1276.)

Section 1172.75, subdivision (a) provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a

prior conviction for a sexually violent offense . . . is legally invalid." The subsequent parts of the statute lay out a procedure for identifying and resentencing individuals currently serving a term that includes a now invalid prior prison term enhancement. (§ 1172.75, subds. (b)–(d).) The process begins with corrections officials, specifically "[t]he Secretary . . . and the county correctional administrator of each county," identifying "those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and providing the defendants' names and case numbers, among other information, "to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) Upon receiving this information, the sentencing court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).)

Section 1172.75, subdivision (d) specifies the resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Subdivision (d) requires courts at resentencing to apply any "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) It also permits courts to consider postconviction factors in the resentencing inquiry, including "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is

10

no longer in the interest of justice." (*Id.*, subd. (d)(3).) Section 1172.75 also provides: "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term . . . ." (*Id.*, subd. (d)(4).)[8]

*C. Sections 1172.7 and 1172.75 Apply to Varelas's Stayed Sentence Enhancements*

Here, the Secretary notified the court Varelas was serving prison terms for judgments that included now invalid enhancements. (§§ 1172.7, subd. (b) & 1172.75, subd. (b).) The court determined the judgments in both of Varelas's cases included prior prison term enhancements that were now invalid and struck these enhancements pursuant to section 1172.75. As provided for in section 1172.7, the court struck Varelas's three prior drug conviction enhancements in case number RIF1300400. The parties disagree as to whether the court was thereafter required to conduct a full resentencing hearing consistent with subdivisions (d) in sections 1172.7 and 1172.75. This disagreement arises from how the parties interpret the word "imposed" in subdivision (a) of section 1172.7 and in subdivision (a) of section 1172.75.

The Attorney General asserts sections 1172.7 and 1172.75 should be interpreted to apply only to defendants whose prior drug conviction and prison term enhancements were "imposed and executed." He contends where

---

[8] The statutory language in section 1172.7 is nearly identical to that in section 1172.75. The variation is in section 1172.7, subdivision (a), as it provides "[a]ny sentence enhancement that was imposed prior to January 1, 2018, pursuant to Section 11370.2 of the Health and Safety Code, except for any enhancement imposed for a prior conviction of violating or conspiring to violate [the crime of using a minor in the commission of an offense involving controlled substances] is legally invalid."

these enhancements were originally imposed and stayed, the statutes do not apply and a defendant is not entitled to resentencing.

As mentioned *ante*, several Courts of Appeal analyzing section 1172.75 have concluded the statute applies when a prior prison term enhancement is imposed and stayed, and these courts have rejected the argument the statute only applies when the enhancement was imposed and executed. (*Mayberry, supra*, 102 Cal.App.5th at pp. 668, 673–676, rev. granted; *Saldana, supra*, 97 Cal.App.5th at pp. 1276–1278, rev. granted; *Christianson, supra*, 97 Cal.App.5th at pp. 311–315, rev. granted; *Renteria, supra*, 96 Cal.App.5th at pp. 1282–1283.) We find these opinions persuasive and agree the word "imposed" in section 1172.75, subdivision (a) should not be limited to only those enhancements that were imposed and executed.

One Court of Appeal reached a contrary conclusion in *Rhodius, supra*, 97 Cal.App.5th 38, review granted, and the Attorney General urges us to follow its reasoning. In *Rhodius*, the Court of Appeal concluded, "[i]n order to harmonize section 1172.75, subdivision (d)(1)'s requirement with section 1172.75 subdivision (a), the meaning of 'impose' must be interpreted to mean 'imposed and executed.'" (*Id.* at p. 44.) The *Rhodius* court did not begin by looking at the text of section 1172.75 but by reviewing *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*). In *Gonzalez*, the California Supreme Court analyzed the words "'impose'" and "'imposed'" in different subdivisions of section 12022.53 to harmonize its provisions. (*Gonzalez*, at pp. 1126–1127.) Construing sections 12022.53 and 12022.5 in *Gonzalez*, the Supreme Court stated: "it is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word

12

"stay" often refers to the latter.'" (*Gonzalez*, at p. 1125 [quoting a case also addressing firearm enhancements under §§ 12022.5 & 12022.53].)

After discussing *Gonzalez*'s analysis of the word "impose," the *Rhodius* court sought to interpret the term in section 1172.75. It found subdivision (d)(1) of section 1172.75 "particularly relevant" to its analysis. (*Rhodius, supra*, 97 Cal.App.5th at p. 43, rev. granted.) The *Rhodius* court explained: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased . . . ." (*Id.* at pp. 43–44.) The appellate court concluded the term "imposed" in section 1172.75 must be interpreted to mean "'imposed and executed'" because "[a]ny other interpretation would cause disharmony between subdivision (a) and subdivision (d)(1) of section 1172.75." (*Rhodius*, at p. 44.)

Looking at the legislative history of Senate Bills 136 and 483, the *Rhodius* court found support for its interpretation. (*Rhodius, supra*, 97 Cal.App.5th at pp. 45–48, rev. granted.) The appellate court noted "three primary motivations" for the enactment of Senate Bill 136: (1) disproportionate impact of the enhancement on communities of color; (2) "ending double punishment for prior convictions;" and (3) "reallocating 'wasteful' spending from imprisonment to community-based services." (*Rhodius*, at p. 46.) The *Rhodius* court determined these concerns arose when a prior prison term enhancement was imposed and executed and "would not be served in situations where a defendant's sentence was imposed and

13

stayed." (*Id.* at p. 47). Thus, the court found application of the statute to these latter instances "would be contrary to the legislative intent and the plain language of the statute," (*id.* at p. 49) and interpreting the statute to apply only to defendants whose prior prison term enhancements were imposed and executed was consistent with the Legislature's intent (*id.* at pp. 47–48).

We acknowledge the *Rhodius* court makes valid points in its discussion of the legislative intent behind section 1172.75. But it does not convince us the statute must be interpreted as only applying to defendants whose prior prison term enhancements were imposed and executed. Indeed, we struggle to find ambiguity in the statute's text warranting the need to examine the legislative history for guidance. (See *People v. Prudholme, supra*, 14 Cal.5th at p. 976.)

First, unlike *Rhodius*, we do not see disharmony between subdivisions (a) and (d)(1) of section 1172.75, when "imposed" is interpreted to mean both stayed and executed prior prison term enhancements. Instead, we agree with the appellate courts that have concluded such an interpretation does not create a conflict between subdivisions (a) and (d)(1) of section 1172.75. (*Saldana, supra*, 97 Cal.App.5th at pp. 1277–1278, rev. granted ["This is not a situation where any statutory subdivisions contradict one another such that resolution of any perceived 'ambiguity' is required"]; *Christianson, supra*, 97 Cal.App.5th at p. 312, rev. granted.)

In concluding "'imposed'" in subdivision (a) of section 1172.75 had to be interpreted as "'imposed and executed'" to reconcile with subdivision (d)'s requirements for resentencing, the *Rhodius* court misread the language in subdivision (d)(1). (*Rhodius, supra*, 97 Cal.App.5th at p. 44, rev. granted.) In *Rhodius*, the appellate court stated: "To interpret 'imposed' as used in

14

section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily *lower* a sentence simply because the judgment contained a stayed enhancement." (*Rhodius*, at p. 44, italics added.) But the statute does not require a court to impose a lower sentence. Section 1172.75, subdivision (d)(1) provides the resentencing "shall result in a *lesser* sentence than the one originally imposed . . . ." (Italics added.) The striking of a previously imposed enhancement results in a lesser sentence as it eliminates the possibility the court could lift the stay, revive the enhancement, and require the defendant to serve the additional sentence. (See *People v. Lopez* (2004) 119 Cal.App.4th 355, 365 [trial court should "stay, rather than dismiss, the prohibited portion of the sentence" because a stay permits revival of enhancement if sentence is later invalidated].)

As explained in *Saldana*: "The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason. 'When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. . . . Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential.'" (*Saldana, supra*, 97 Cal.App.5th at p. 1278, rev. granted.)

Second, we agree with *Saldana* that *Gonzalez, supra*, 43 Cal.4th 1118 "is not on point here." (*Saldana, supra*, 97 Cal.App.5th at p. 1277, rev. granted.) Here, there is no issue of contradicting subdivisions in section

15

1172.75, unlike the situation in *Gonzalez*. (See *Saldana*, at p. 1277.) Also, the legislative intent guiding the Supreme Court's interpretation in *Gonzalez* is the opposite of the legislative intent behind section 1172.75. In *Gonzalez*, "the Legislature's stated intent was to ensure that "'substantially longer prison sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime." [Citation.]'" (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev. granted.) Here, the Legislature had a different intent in enacting section 1172.75. As the *Christianson* court explained, "the statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' [Citation.] Consistent with that intent, the other provisions of the statute require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform. . . . Thus, it appears the Legislature intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Christianson*, at p. 314; accord, *Saldana, supra*, 97 Cal.App.5th at p. 1278.)

We conclude, in line with the weight of authority, the term "imposed" in sections 1172.7 and 1172.75 applies to defendants, like Varelas, who are currently in custody serving a term for a judgment that includes either a now invalid prior drug conviction enhancement imposed under Health and Safety Code section 11370.2, prior to January 1, 2018, or a now invalid prior prison term enhancement imposed under Penal Code section 667.5, subdivision (b), prior to January 1, 2020, regardless of whether the enhancements were originally stayed or executed. If the Legislature intended

16

"imposed" to be shorthand for "imposed and executed" in these statutes, it could have done so explicitly. It did not. (See *Mayberry, supra*, 102 Cal.App.5th at p. 676, rev. granted ["if the Legislature intended for the language in subdivision (a) of section 1172.75 to limit legal invalidity to section 667.5, former subdivision (b) enhancements that were imposed and executed it could have done so"].) There is no indication in the statutory language or history that the Legislature intended to exclude defendants with stayed enhancements from the resentencing process in sections 1172.7 or 1172.75.

At the time Varelas was sentenced in 2013, the prior drug conviction and prison term enhancements were imposed as part of the judgment. They were not stricken until 2022 when they were brought to the court's attention pursuant to sections 1172.7, subdivision (b) and 1172.75, subdivision (b). When the court struck the now invalid enhancements, Varelas was entitled to a full resentencing hearing in accordance with subdivisions (d) of sections 1172.7 and 1172.75. What he received fell short of that provided for by these statutes. At the hearing, Varelas's counsel did not offer any evidence or argument as to why the court should exercise its sentencing discretion, despite having offered evidence of Varelas's postconviction conduct and rehabilitative efforts at the hearing in 2021. Accordingly, we reverse the court's orders from the 2022 hearing and remand for a resentencing hearing to be conducted in accordance with sections 1172.7, subdivision (d) and 1172.75, subdivision (d).[9]

---

[9] We express no opinion as to how the court should exercise its discretion.

## DISPOSITION

The orders dated April 19, 2022 in case numbers RIF1301139 and RIF1300400 are reversed, and the matter is remanded for resentencing. The trial court is directed to recall Varelas's sentence in case number RIF1301139 and resentence him consistent with section 1172.75. As to case number RIF1300400, the trial court is directed to recall Varelas's sentence and resentence him in accordance with sections 1172.7 and 1172.75.

MOTOIKE, J.

WE CONCUR:

O'LEARY, P. J.

SANCHEZ, J.